Commonwealth vs. Stephenson.

CASE 3—INDICTMENT—DECEMBER 7.

# Commonwealth vs. Stephenson.

APPEAL FROM CARTER CIRCUIT COURT.

The term "bribe," as used in the election laws, has a legal signification, for which see *Rev. Stat.*, and the opinion.

That an election was *held* at the time and place stated in an indictment for bribery, is sufficiently alleged in the averment that the person charged to have been bribed did, for said bribe, *vote* for the several persons and for the several offices therein named. Nor is it necessary to allege that the persons voted for were candidates for the offices.

For the particular requisites of an indictment under the Criminal Code, see opinion.

The following indictment was held sufficient:

"CARTER CIRCUIT COURT.

"The Commonwealth of Kentucky  
    *against*     } *Indictment.*  
Lemuel Stephenson.

"The grand jury of Carter county, in the name and by the authority of the Commonwealth of Kentucky, accuse Lemuel Stephenson of the offense of bribery, committed as follows, to-wit: said Lemuel Stephenson, on the 1st day of August, 1859, in the county and circuit aforesaid, *bribed* Robert Clarke to vote at the August election, 1859, with money and property of value of $5, and for said bribe he did vote for J. F. Bell for governor of Ky., A. Allen for Lt. governor of Ky., T. S. Page for auditor of Ky., and L. T. Moore for congress—against the peace and dignity of the Commonwealth of Kentucky.     Endorsed "a true bill,"

C. N. LEWIS, *Foreman."*

A. J. JAMES, Attorney General, for Commonwea*lt*h, cited *Rev. Statutes, chap.* 32, *secs.* 11, 12, *art.* 12; 16 *B. Mon.*, 328.

CHIEF JUSTICE STITES DELIVERED THE OPINION OF THE COURT:

This is an appeal, in behalf of the Commonwealth, from a judgment of the circuit court sustaining a demurrer to an indictment against the appellee for bribery, and dismissing the same.

The indictment is in the following words:

"CARTER CIRCUIT COURT.

"The Commonwealth of Kentucky  
    *against*     } *Indictment.*  
Lemuel Stephenson.

The grand jury of Carter county, in the name and by the authority of the Commonwealth of Kentucky, accuse Lemuel Stephenson of the offense of bribery, committed as follows, to-

Commonwealth vs. Stephenson.

wit: Said Lemuel Stephenson, on the 1st day of August, 1859, in the county and circuit aforesaid, *bribed* Robert Clarke to vote at the August election, 1859, with money and propert of value of $5, and for said bribe he did vote for J. F. Bell for governor of Ky., A. Allen for lieut. governor of Ky., T. S. Page for auditor of Ky., and L. T. Moore for congress—against the peace and dignity of the Commonwealth of Kentucky.

Endorsed "a true bill."

C. N. Lewis, *Foreman.*"

The provisions of the *Revised Statutes*, relating to the offense of bribery at elections, are as follows :

"*Section XI.* Any person guilty of receiving a bribe, for hi· vote at an election, or for his services or influence in procuring a vote or votes at an election, shall be fined from fifty to one hundred dollars, or imprisoned from one to twelve months, and be excluded from office and suffrage.

"1. "Bribe" or "bribery" means any reward, benefit, or advantage, present or future, to the party influenced or intended to be influenced, or to another at his instance, or the promise of such reward, benefit, or advantage.

"2. Money or other thing of value given or lent, in whole or in part, to be betted on the result of an election, or the promise thereof; or a bet with another that such other will vote for a named candidate, and the gift or promise of a share in any such bet, made or to be made, shall be deemed a bribe.

"3. Whoever shall receive money or other thing of value, to be used for the purpose of procuring or influencing a vote or votes, shall be deemed to have been bribed.

"*Section XII.* Whoever shall bribe another shall, on conviction, be fined from fifty to one hundred dollars, and imprisoned from ten to ninety days, or both so fined and imprisoned, and be excluded from office and suffrage for five years." (*Rev. Stat.*, Stanton's *edition*, *vol.* 1, *pages* 452–53 )

The *Criminal Code*, (*sec.* 121,) provides that an indictment mu t contain—

"1. The title of the prosecution, specifying the name of the court in which the indictment is presented, and the names of the parties.

"2. A statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended."

And *section* 123 requires that "the indictment must be direct and certain, as regards—1. The party charged. 2. The offense charged. 3. The county in which the offense was committed. 4. The particular circumstances of the offense charged, where they are necessary to constitute a complete offense."

*Section* 128 declares that an indictment "is sufficient if it can be understood therefrom—

"1. That it was found by a grand jury of a county or city, impanneled in a court having authority to receive it, though the name of the court is not accurately stated.

"2. That the offense was committed within the jurisdiction of the court, and at some time prior to the time of finding the indictment; and

"3. That the act, or omission, charged as the offense, is stated with such a degree of certainty as to enable the court to pronounce judgment on conviction, according to the right of the case."

In view of the section of the Revised Statutes *supra*, a violation of which is charged, and of the foregoing provisions of the Criminal Code, it seems to us almost impossible to escape the conclusion that the indictment in question is good.

It is in ordinary and concise language, and states the acts constituting the offense, so that a person of common understanding may know what is intended. It is direct as to the party, the offense, the county in which it was committed, and the particular circumstances of the offense.

The term "bribe," as we have seen, has a legal signification, and the facts charged bring the case fully within the statutory definition given to the word. They show who was bribed, for what purpose and consideration, and that the bribe was effectual; and they furthermore show the amount of the bribe, who advanced it, the occasion upon which it was given, and that it was received.

That an election was held at the time and place stated in the indictment appears sufficiently from the allegation that Clarke, who is charged to have been bribed, did, for said bribe, *vote* for the several persons named therein, and for the several offices. As decided by this court in *Commonwealth vs. Shouse*, (16 *B. Mon.*, 328,) it is sufficient, in an indictment for betting on elections, if it appear that the party on whom the bet is made was voted for to fill the office. So here, it was not necessary to state that the persons voted for were candidates for the offices. If they were voted for to fill the offices, and the vote of Clarke was cast for them in consideration of the bribe furnished by appellee, as alleged, the offense was complete.

It seems to us that every thing necessary to be understood from an indictment, as prescribed by *section* 128, *supra*, can be easily gathered from that now before us, and that the circuit court erred in sustaining the demurrer thereto.

Wherefore, the judgment of the circuit court is *reversed*, and cause remanded for further proceedings not inconsistent with this opinion.